**IN THE IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| RONDELL A. JOHNSON ) | |
| as Independent Administrator of the Estate ) | |
| OF RODNEY BRADFORD, Deceased. ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | No. _____ |
| ) | |
| THE UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendants. ) | |

**ORIGINAL COMPLAINT FOR DAMAGES**
**UNDER THE FEDERAL TORT CLAIMS ACT**

**NOW COMES** the Plaintiff, Rondell Johnson (hereinafter" Plaintiff"), as the Independent Administrator of the Estate of Mr. Rodney Bradford, Deceased, and pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680, seeks compensatory damages for the wrongful death of Mr. Bradford arising from Defendant United States of America's negligence in failing to provide proper management of Mr. Bradford's Methadone program.

**JURISDICTION & VENUE**

1. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 in that this action arises under the laws of the United States of America and is premised on the acts and omissions of the Defendant acting under color of federal law. This Court further has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1346(b) in that this is a claim against the Defendant United States of America, for money damages, accruing on or after January 1, 1945, for personal injury or death caused by the negligent and wrongful acts and omissions of employees of the Government while acting within the course and scope of their office or

1

employment, under the circumstances where the Defendant, if a private person, would be liable to the Plaintiff.

2. Jurisdiction founded upon federal law is proper in that this action is premised upon federal causes of action under the Federal Tort Claims Act (hereinafter "FTCA"), 28 U.S.C. § 2671, et. seq.

3. Pursuant to the FTCA, 28 U.S.C. § 2671, et. seq., the Plaintiff on or about February 21, 2024, presented his claim to the appropriate federal agency, specifically, the Department of Health & Human Services ("HHS"), for administrative settlement under the FTCA requesting a total of $4,000,000.00. (Ex. 1). HHS acknowledged receipt of Plaintiff's claim. (Ex. 2). By letter dated May 15, 2024, Plaintiff's claim was denied in writing by HHS and such denial was sent by certified or registered mail to the Plaintiff. (Ex. 3).

4. This action is timely pursuant to 28 U.S.C. § 2401(b) in that it was presented to the appropriate federal agency within two years of accrual and this action was filed within six months of receipt of the certified letter sent by the federal agency denying the claim.

5. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and 1391(c), as Defendant does business in this judicial district and the events or omissions giving rise to the claims occurred in this judicial district.

**PARTIES**

6. Plaintiff Rondell Johnson is a resident of Chicago, Illinois.

7. Plaintiff Rondell Johnson is the petitioner for letters of independent administration for the estate of his deceased father, Rodney Bradford. See, In re Est. of Rodney Bradford, 22 P 005433 (Ill. Cir. Ct., Cook Cnty).

8. Defendant, United States of America, is subject to suit for personal injury caused by the negligent and wrongful acts and omissions of employees of Defendant United States of America, including Nicole Gastala, M.D. and Miles Square Health Center, while acting within the course and scope of their office or employment, under the circumstances where the Defendant, if a private person, would be liable to the Plaintiff, pursuant to the FTCA.

9. The Decedent, Rodney Bradford, died in Cook County, Illinois and all of the events alleged herein occurred within Cook County, Illinois.

## STATEMENT OF CLAIM

10. The Plaintiff's father, Rodney Bradford, was admitted to the University of Illinois Hospital in Chicago ("UIC") on 02/10/22, for shortness of breath and tachycardia. He was also diagnosed with right pulmonary artery embolism. Mr. Bradford's admission to UIC lasted from 02/10/22 to 02/24/22. During his admission he was prescribed 40mg of Methadone for pain and due to a history of opioid dependence with opioid-induced mood disorder. Notably, however, at the time of his admission to UIC, Mr. Bradford urine drug screen did not reveal any opioids.

11. Mr. Bradford was released on 02/24/22 and sent to Symphony of California Gardens LLC, d/b/a California Gardens Nursing and Rehabilitation Center in Chicago ("California Gardens"). At all relevant times, California Terrace SNF LLC ("California Terrace") owned and was a licensee of California Gardens.

12. Sometime after his 02/24/22 release, and while on admission at California Gardens, Mr. Bradford was placed in a Methadone program at the Mile Square Health Center located on 1220 S. Wood St., Chicago, IL 60608. Per the Methadone program, he was to receive Methadone from Mile Square Health Center.

3

13. For purposes of this lawsuit, UIC receives grant money from the Public Health Service pursuant to 42 U.S.C. § 254b and is an employee of the Public Health Service pursuant to 42 U.S.C. § 233. Additionally, Mile Square Health Center is a Federally Qualified Health Center operated and owned by UIC (hereinafter, "UIC Mile Square Health Center").

14. While on admission at California Gardens, Dr. Anthony Del Priore, who was Mr. Bradford's attending physician at California Gardens, ordered that Mr. Bradford receive his prescribed Methadone under supervised self-administration at California Gardens. Per Dr. Del Priore's orders, this supervised self-administration was to be done on days Mr. Bradford could not attend the Methadone program.

15. On March 10, 2022, Nicole Gastala, MD., an employee of the Board of Trustees of UIC, consulted with Mr. Bradford at the Mile Square Health Center. During Dr. Gastala's meeting with Mr. Bradford, she discussed Opioid Use disorder, amongst other conditions. Additionally, Ms. Gastala increased Mr. Bradford's Methadone prescription from 40mg to 50mg, with instructions to increase the dose further.

16. On March 11, 2022, Dr. Del Priore at California Gardens, verified Dr. Gastala's order and increased Mr. Bradford's methadone dose to 50mg daily.

17. On March 24, 2022, nursing home staff at California Gardens discovered that Mr. Bradford had died. An autopsy was performed and Kirstin E. Howell, M.D. of the Cook County Medical Examiner's Office opined that Mr. Bradford died from Methadone Toxicity.

18. Per the literature in the Cook County Medical Examiner's NMS Labs toxicology report, the blood concentration range in Methadone related fatalities is 400-1800 ng/ml.

19. At the time of death, autopsy toxicology revealed Mr. Bradford's Methadone toxicity blood concentration was 11000 ng/ml. This is about 10 times the fatality toxicity range.

20. Additionally, patients enrolled in a Methadone program within a supervised setting are not supposed to die of Methadone toxicity.

21. At all relevant times, Dr. Del Priore, California Gardens, California Terrace and the United States of America, *via* UIC Mile Square Health Center and its employees, including Nicole Gastala, were in concurrent joint exclusive control of Mr. Bradford's methadone program.

22. Thus, Plaintiff alleges that Dr. Del Priore, California Gardens, California Terrace and the United States of America, *via* UIC Mile Square Health Center and its staff and employees, including Dr. Nicole Gastala, were negligent, based on the evidentiary doctrine of *Res Ipsa Loquitur*; in the management of Mr. Bradford's Methadone program.

23. The Plaintiff has a pending factual related personal injury claim in state court against Dr. Del Priore, California Gardens and California Terrace, all of whom are not parties in this present action. (*See.*, 2023L006162).

## VIOLATION OF THE FEDERAL TORT CLAIMS ACT
## (NEGLIGENCE—RES IPSA LOQUITUR—WRONGFUL DEATH)

24. The Plaintiff realleges and incorporates by reference, as though fully set forth herein, each and every allegation set forth in paragraphs 1 through 23 above.

25. The Plaintiff alleges that Dr. Gastala was negligent and contributed to the death of Mr. Bradford because on 03/10/22, she should have weaned Mr. Bradford off the Methadone since his medical drug urine records revealed that he was not on any opioids when it was initially prescribed and when she saw him.

26. Additionally, Plaintiff alleges that Dr. Gastala was negligent and contributed to the death of Mr. Bradford because on 03/10/22, she increased his Methadone dosage from 40 to 50mg even though Mr. Bradford was not on any opioids at the time of his admission.

27. Further, Plaintiff alleges that the UIC Mile Square Health Center and its staff, including Dr. Gastala, were also negligent and contributed to the overdose death of Mr. Bradford. The lethal Methadone toxicity suggests that when Mr. Bradford joined the methadone program after 02/24/22, his Methadone intake was not properly dosed, dispensed or monitored while at UIC Mile Square Health Center. Thus, the toxicity level and eventual death suffered by Mr. Bradford in a Methadone program, are not the type to occur in the absence of negligence.

28. That UIC Mile Square Health Center and its staff, including Dr. Gastala, were employees, acting on behalf of the United States of America since UIC was receiving federal grant monies from the Public Health Service pursuant to 42 U.S.C. § 254b.

29. That Defendant United States of America through its employees acting on its behalf, owed Decedent Bradford the duty to possess and use the same knowledge, skill, and care ordinarily used by a reasonably careful physicians, medical staff and pharmacists, under similar circumstances.

30. In breach of that aforementioned duty, Defendant United States of America was negligent when it failed to properly manage Mr. Bradford's methadone program which led to his overdose of Methadone and which was the direct and proximate cause for his Methadone toxicity and untimely death.

31. That the negligent acts of Defendant United States of America's agents and employees were committed while acting within the course and scope of their employ and/or agency with Defendant United States of America. Thus, Defendant United States of America is vicariously liable for the actions of its agents and employees when they committed the negligent acts alleged herein.

32. As a direct and proximate result of Defendant United States of America's breach of the applicable standard of care, Mr. Bradford died on March 24, 2022.

33. That the acts and events set forth above constitute negligent and wrongful acts and omissions of agents and employees of Defendant United States of America while acting within the scope of their offices and employment, under circumstances where the Defendant United States of America, if a private person, would be liable to the Plaintiff in accordance with the laws of the State of Illinois.

34. That as a result of the negligent act of Defendant United States of America and its employees, Plaintiff suffered injuries including loss of companionship and society.

35. Additionally, as a result of the negligent act of Defendant United States of America and its employees, Mr. Bradford suffered injuries including wrongful death, and conscious pain and suffering prior to death.

36. Plaintiff will prove his wrongful death and negligence claims against Defendant United States of America and its employees, using the evidentiary doctrine of *Res Ipsa Loquitur*.

WHEREFORE Plaintiff, demands judgment against Defendant United States of America, as follows:

    a. The sum of $4,000,000.00 or more;

    b. Costs of suit;

    c. Post-judgment interest; and

    d. Such other relief as the court may deem just and proper.

Dated: November 13, 2024

                                            Respectfully Submitted,

                                            /s/ Nnanenyem E. Uche

Nnanenyem E. Uche
UCHE P.C.
314 N. Loomis St.,
Suite G2
Chicago, IL 60607
312.380.5341
nenye.uche@uchelitigation.com
ARDC No. 6294606