UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Rondell A. Johnson, as Independent Administrator of the Estate of Rodney Bradford, Deceased, | |
| *Plaintiff*, | No. 24 CV 11692 |
| v. | Judge Lindsay C. Jenkins |
| United States of America, *et al.*, | |
| *Defendants*. | |

**MEMORANDUM OPINION AND ORDER**

Rodney Bradford suffered a fatal overdose shortly after a doctor increased the strength of his methadone prescription. The administrator of Bradford's estate, Rondell Johnson, responded to his death by filing this lawsuit. As relevant here, Johnson asserts that Symphony of California Gardens, LLC—the owner of the nursing facility where Bradford resided—violated the Illinois Nursing Home Care Act and exercised negligent supervision over Bradford's prescription regiment. Johnson also alleges that the company who took over Symphony of California Gardens' operation of the nursing facility, California Terrace SNF, LLC, is liable for Bradford's death under the doctrine of successor liability. That allegation leads us to the present motion.

California Terrace brings this motion to dismiss for failure to state a claim under Rule 12(b)(6), contending that the doctrine of corporate successor nonliability prevents it from being held liable for the acts of Symphony of California Gardens. [Dkt. 52.][1] It also contends that, even if successor liability applied, the complaint should be dismissed because Johnson failed to allege facts supporting a negligence claim. [*Id.*].

**I.  Background[2]**

The court begins by observing that Johnson alleges that California Terrace is liable for the negligent acts of its predecessor Symphony of California Gardens. But

---

[1]  Citations to docket filings generally refer to the electronic pagination provided by CM/ECF, which may not be consistent with page numbers in the underlying documents.

[2]  The following allegations are taken from Johnson's second amended complaint. [Dkt. 36.]

Symphony of California Gardens has not had an opportunity to submit briefing concerning its liability. The court therefore defers ruling on California Terrace's motion to dismiss as it relates to negligence liability until all relevant parties have been heard on the issue. For purposes of this motion, then, the court relays only the facts relevant to California Terrace's alleged successor liability.

In February and March 2022, Symphony of California Gardens operated a skilled nursing facility in Chicago, Illinois called California Gardens Nursing and Rehabilitation Center. [*Id.* ¶ 15.] The facility admitted Rodney Bradford in February 2022 and took responsibility for supervising his prescribed methadone regiment. [*Id.* ¶¶ 15–20.] Bradford suffered a fatal overdose while residing at California Gardens in March 2022. [*Id.* ¶ 22.]

At some point in time (the complaint provides no indication of when), "Symphony of California Gardens LLC ceased operating the skilled nursing facility," and "California Terrace SNF LLC assumed both operational control and regulatory licensure of the same premises" and received a transfer of "assets." [*Id.* ¶¶ 28, 31.] California Terrace "continued to provide skilled nursing services at the facility without interruption, maintaining continuity in staff, services, and resident care under substantially the same regulatory approvals." [*Id.*] The company "inherited business goodwill," operated "out of the same physical premises," delivered "the same skilled nursing services, and serv[ed] the same resident population." [*Id.* ¶ 29.] It also "presented itself to the public as a seamless successor to Symphony's operations, creating no outward distinction between the two entities." [*Id.* ¶ 30.] "The transfer of control occurred without formal notice to residents or their families, and with no provision for the assumption or resolution of liabilities arising from [alleged] negligent care rendered during Symphony's tenure." [*Id.*]

Johnson asserts that, upon information and belief, California Terrace "operated as a mere continuation of Symphony of California Gardens" or, in the alternative, that the transfer was executed for "the fraudulent purpose of evading liability." [*Id.* ¶¶ 30–31.] And he contends that "discovery is necessary to determine the extent of continuity in ownership, management, contractual obligations, and financial interests between the two entities, and whether the transition was effectuated, in whole or in part, to shield Symphony of California Gardens LLC from liability for the negligent care that resulted in Rodney Bradford's death." [*Id.* ¶ 29.]

II.   **Legal Standard**

To survive a motion to dismiss for failure to state a claim, Fed. R. Civ. P. 12(b)(6), the complaint must include sufficient factual allegations to show a plausible right to relief. See *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although "detailed factual allegations" are not required, *id.* at 545, a plaintiff must "include enough details about the subject-matter of the case to present a story that holds

together." *Runnion v. Girl Scouts of Greater Chicago*, 786 F.3d 510, 526 (7th Cir. 2015) (internal quotations omitted).

When considering whether a complaint demonstrates a plausible right to relief, the court accepts all well-pleaded factual allegations as true and views them in the light most favorable to the plaintiff. See *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). In contrast, "legal conclusions and conclusory allegations" are "not entitled to this presumption of truth" and should not be considered when deciding a motion to dismiss. *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011). If the court finds, after eliminating any legal conclusions and considering only the plaintiff's factual allegations, that the complaint does not show a plausible right to relief, then the moving party's motion to dismiss should be granted. See *Iqbal*, 556 U.S. at 679.

### III. Analysis

Illinois law governs the question of successor liability in this case. See *Dep't of Hum. Rts. v. Oakridge Healthcare Ctr., LLC*, N.E.3d 184, 192 (explaining that Illinois applies the long-standing rule of corporate successor nonliability unless "a clear showing of good cause or some other compelling rationale" warrants application of the federal doctrine of successor liability). While Johnson cites numerous federal successor liability cases in his brief, he makes no attempt to explain why federal law would govern the issue of successor liability here, and the court finds no basis for applying federal law under these circumstances.

"Illinois, along with the majority of American jurisdictions, has long applied the common-law rule that a corporate successor is not subject to any debts or obligations incurred by the entity that previously operated the business." *Id.* at 191. Such a rule protects bonafide purchasers from liability and maximizes the fluidity of corporate assets. See *Vernon v. Schuster*, 688 N.E.2d 1172, 1175 (Ill. 1997).

"Recognizing that the rule's application may preclude a plaintiff from receiving court-ordered relief if the original business is dissolved or lacks sufficient assets," however, the Illinois Supreme Court has adopted three exceptions to "successor corporate nonliability." *Oakridge Healthcare*, 181 N.E.3d at 191. A corporate successor is liable for its predecessor's debts and obligations if:

> (1) the parties had an express or implied agreement that the transferee would assume the transferor's liabilities, (2) the transaction amounts to a merger or consolidation or a de facto merger of the transferor and the transferee, (3) the transferee is a mere continuation or reincarnation of the transferor, or (4) the transaction was entered into for the fraudulent purpose of avoiding liability for the transferor's obligations.

*Id.*

3

The mere continuation exception, which Johnson asserts to be applicable here, "is designed to prevent a situation whereby the specific purpose of acquiring assets is to place those assets out of the reach of the predecessor's creditors." *Vernon*, 688 N.E.2d at 1176 (citation omitted). It applies when the successor corporation is "merely a continuation or reincarnation of the selling corporation." *Id.* Illinois courts have consistently held that the crux of this exception is "whether there is a continuation of the corporate *entity of the* seller—not whether there is a continuation of the *seller's business operation.*" *Id.* So to succeed on this theory of corporate successor nonliability, Johnson's complaint must contain allegations supporting an inference that California Terrace and its predecessor, Symphony of California Gardens, share a "common identity of officers, directors, ownership, and stocks." *Id.*

In support of successor liability, Johnson alleges that California Terrace received assets of Symphony of California Gardens and continued uninterrupted business operations. This allegation alone is insufficient to raise an inference of common identity of ownership. But Johnson also states that, upon information and belief, California Terrace operated as a mere continuation of its predecessor, and that discovery is necessary to determine the details of the business transaction, including whether the two companies share a common identity of ownership.

Determining whether the identity of the ownership between new and former corporations requires "an examination of the 'form' and 'substance' of the legal arrangements among the parties in the transactions." *Baxi v. Ennis Knupp & Assocs., Inc.*, 2011 WL 3898034, at *19 (N.D. Ill. Sept. 2, 2011). And courts, recognizing that discovery is often necessary to uncover details of a business transaction, have found dismissal premature in cases where a plaintiff sets forth a theory of successor liability upon information and belief, as Johnson has done here. See, *e.g.*, *id.* ("Having alleged that the transactions among the Defendants were actual mergers, Plaintiff is entitled to discover whether, under the applicable documents, there indeed was a continuity of ownership between the shareholders."); *Sterling Fed. Bank, F.S.B. v. Credit Suisse First Bos. Corp.*, 2008 WL 4924926, at *13 (N.D. Ill. Nov. 14, 2008) (denying Rule 12(b)(6) motion regarding successor liability because discovery was necessary to determine details of an asset sale); *Int'l Union of Operating Eng'rs, Loc. 150, AFL-CIO v. Barrington Excavating, LLC*, 2025 WL 815616, at *4 (N.D. Ill. Mar. 13, 2025) (determining that, with an undeveloped factual record at the motion to dismiss stage, it was premature to determine whether defendant qualified as a successor in liability).

This court too finds discovery necessary before dismissing Johnson's claims against California Terrace based on successor nonliability. "If discovery about the relationship among [California Terrace and Symphony of California Gardens] reveals no basis for successor liability, [California Terrace] can quickly make their exit from this case at the summary judgment stage." *Baxi*, 2011 WL 3898034, at *19.

4

Before concluding, the court also observes that Johnson argues that his complaint raises an inference of successor liability under the fraudulent purpose exception. That exception applies "where the transaction is for the fraudulent purpose of escaping liability for the seller's obligations." *Vernon*, 688 N.E.2d at 1176.[3] When considering this exception, Illinois courts look to indicators of fraud—such as the timing of the transaction, the beneficiary of the transaction, and the consideration underlying the transaction—laid out in the Uniform Fraudulent Transfer Act. See, *e.g.*, *Oakridge Healthcare Ctr.*, 181 N.E.3d at 196; 740 ILCS 160/5(b).

The court is doubtful whether Johnson's complaint raises an inference of fraudulent purpose, but it need not make a definitive ruling on the matter.[4] Motions to dismiss rise or fall based on claims, not legal theories. See *ACF 2006 Corp. v. Mark C. Ladendorf, Att'y at L., P.C.*, 826 F.3d 976, 981 (7th Cir. 2016) ("Making legal arguments in support of one's claim comes after the pleadings."); *Churchwick Partners, LLC v. Seal Keystone, LLC*, 2023 WL 2973801, at *2 (S.D. Ind. Apr. 17, 2023) ("A Rule 12(b)(6) motion cannot be used to dismiss individual legal theories advanced in support of a claim, so long as at least one theory, implicit or explicit, remains[.]"). Because the court finds that Johnson adequately alleged successor liability under a mere continuation theory, his claim against California Terrace may proceed for now.

---

[3] The parties disagree on whether Rule 9(b) applies to situations where a plaintiff claims relief under the fraudulent purpose exception to successor liability. Courts in this district have found that it does not. See *Kruse v. Aamed, Inc.*, 1997 WL 102528, at *4 (N.D. Ill. Mar. 4, 1997) ("We find that Rule 9(b) does not apply to claims for successor liability."); *Flexicorps, Inc. v. Benjamin & Williams Debt Collectors, Inc.*, 2007 WL 3231425, at *3 n.9 (N.D. Ill. Oct. 30, 2007) (same); *Saratoga Potato Chips Co. v. Classic Foods, Inc.*, 2014 WL 2930495, at *5 (N.D. Ind. June 27, 2014) (same).

[4] In his complaint, for example, Johnson asserts that the "manner and timing of the transition, coupled with the lack of transparency to residents and their families, suggest that the transaction was structured to preserve the benefits of ongoing operations while shedding the burdens of prior obligations." [Dkt. 36, ¶ 31.] But Johnson's complaint sheds no light on the timing of the transition. He does not provide the date California Terrace assumed operations of the facility. Nor does he indicate whether the transfer took place before or after the filing of this lawsuit.

## IV. Conclusion

California Terrace's 12(b)(6) motion to dismiss, as it relates to successor liability, is denied. As for its argument that Johnson's complaint fails to allege a claim for negligence, the court defers ruling until Symphony of California Gardens, whose liability stems from the same allegations of negligence, has an opportunity to provide briefing on the issue by a date the court separately provides.

Enter: 24-CV-11692
Date: October 1, 2025

_____
Lindsay C. Jenkins
United States District Court Judge