**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois – CM/ECF NextGen 1.8 (rev. 1.8.5)**
**Eastern Division**

Rondell A Johnson
                               Plaintiff,

v.                                                  Case No.: 1:24−cv−11692
                                                    Honorable Lindsay C. Jenkins

United States of America, et al.
                               Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Tuesday, February 3, 2026:

       MINUTE entry before the Honorable Lindsay C. Jenkins: The motion to dismiss [75] is denied. Counsel should have read the court's order dated October 1, 2025 [see docket entry [61]] denying a similar motion to dismiss filed by the same Defendant earlier in this case. That order addresses many of the same issues raised now. To the extent the motion raises other arguments in support of dismissal, it relies on evidence outside the pleadings, specifically an affidavit from Holly Turner to establish things like the date California Terrace SNF LLC began operations and that California Gardens Nursing and Rehabilitation Center is a separate entity from California Terrace SNF LLC. That makes the motion plainly improper. Geinosky v. City of Chicago, 675 F.3d 743, 745 n.1 (7th Cir. 2012) ("A motion under Rule 12(b)(6) can be based only on the complaint itself, documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice.") A district court cannot consider evidence outside the pleadings to decide a motion to dismiss without converting it into a motion for summary judgment. And here, Defendant's motion, though captioned under Rule 12(b)(6) is really a motion under Rule 12(d) ("If, on a motion under Rule 12(b)(6)..., matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56; see also Levenstein v. Salafsky, 164 F.3d 345, 347 (7th Cir. 1998)). As the court explained, discovery is necessary before dismissing Johnson's claims against California Terrace based on successor nonliability. [Dkt. [61] at 4.] So the motion is denied. Defendant California Terrace's answer to the second amended complaint is now due by February 13, 2026. Mailed notice. (jlj, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.